# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 SEP 24 PM 4: 40

CLERK _____
SO. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

## DUBLIN DIVISION

HAROLD D. HULSEY,                )
                                 )
        Plaintiff,               )
                                 )
    v.                           )        CV 313-044
                                 )
JASON MELDIN, Warden, and        )
CCA,                             )
                                 )
        Defendants.              )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I.    SCREENING OF THE COMPLAINT

### A.    BACKGROUND

Plaintiff names Jason Meldin, Warden of Wheeler Correctional Facility, and CCA as Defendants in his complaint. (Doc. no. 1, p. 1.) Taking all of Plaintiff's factual

allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges that he was assaulted on two occasions. (Id. at 5.) First, on October 10, 2012, Plaintiff was taken to the hospital after another inmate, Kory Witfield, assaulted him with a chair. (Id.) Plaintiff received thirteen staples in his head. (Id. at 5, 7, 9.) Plaintiff identified his aggressor and requested that Defendant Meldin press charges for aggravated assault. (Id. at 5.) Defendant Meldin refused. (Id.) Next, on February 13, 2013, while working detail in the Wheeler Correctional Facility kitchen, inmate Charlie Taylor struck Plaintiff. (Id.) Plaintiff was again taken to the hospital and received nine staples (Id. at 5, 8.) Once again, Defendant Meldin refused to press charges when Plaintiff identified his attacker. (Id. at 5.)

Plaintiff asserts that Defendant Meldin is responsible for the operation of the facility and the welfare of the inmates. (Id.) With regard to utilizing the prison grievance procedure, Plaintiff states that he did not present the facts relating to his complaint to the appropriate grievance committee. (Id. at 3.) Plaintiff thereafter filed the instant § 1983 action. (See doc. no. 1.)

**B.    DISCUSSION**

**1.    Lack of Exhaustion**

Plaintiff's complaint should be dismissed because of his failure to exhaust administrative remedies. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion

requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process before initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008) (per curiam); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam).[1] Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever

---

[1]Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Lee v. Lappin, No. 04-5008, 2004 WL 1701045 (D.C. Cir. July 29, 2004); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999).

"'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

Because of the dates of the incidents that Plaintiff alleges, the administrative grievance procedure applicable in this case is governed by both the version of the Georgia Department of Corrections' Standard Operating Procedure ("SOP") IIB05-0001 that became effective on June 1, 2004, and the version that became effective on December 10, 2012. While the 2004 version of SOP required an informal grievance to be filed, the administrative remedies in the 2012 revision begin with the filing of an Original Grievance. See SOP IIB05-0001 § VI(B) (2004); SOP IIB05-0001 § VI(D)(1)-(5) (2012). Under either version, the first step of the administrative remedies requires the inmate to file the appropriate grievance within ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance." See SOP IIB05-0001 § VI(B)(5) (2004); SOP IIB05-0001 § VI(D)(1)-(5) (2012).

Here, it is apparent from Plaintiff's complaint that he did not exhaust his administrative remedies prior to the commencement of this case, as is required under the PLRA. Plaintiff failed to even initiate grieving the issue of his alleged assaults, much less to use all steps of the available exhaustion procedure. Woodford, 598 U.S. at 93. In order to properly grieve the issue, Plaintiff should have filed an informal grievance, for the October 10, 2012 incident, and a formal grievance, for the February 13, 2013 incident, addressing the issue. Plaintiff should have then followed the procedures established by SOP IIB05-0001 as discussed above and appealed the denial to each

available administrative level. Plaintiff has failed to do so. (Doc. no. 1, p. 3.) Therefore, Plaintiff's complaint should be dismissed without prejudice.[2]

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to exhaust administrative remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of September, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court recognizes that the Supreme Court held that under the PLRA, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 215 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Id. at 14; see also Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, because it is clear from the face of Plaintiff's complaint that he failed to exhaust his administrative remedies, the Court can properly recommend that Plaintiff's complaint be dismissed. See Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008) (*per curiam*) (finding that the district court properly dismissed the plaintiff's complaint because the allegations in the complaint sufficed to establish that Plaintiff failed to exhaust his administrative remedies).